**MEMO ENDORSED**

**DICKSTEIN**SHAPIRO<sub>LLP</sub>

1177 Avenue of the Americas | New York, NY 10036-2714
TEL (212) 277-6500 | FAX (212) 277-6501 | dicksteinshapiro.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/17/2008

June 16, 2008

**VIA FACSIMILE**

Honorable Denny Chin
United States District Court
Southern District of New York
500 Pearl Street, Room 1020
New York, New York, 10007
Courtroom 11A

Re:   *Larson vs. Eney*, No. 08-CV-03513 (DC)

Dear Judge Chin:

> This application is granted, but only to the extent that defendant Eney's time to respond to the complaint is extended until 7/18/08. If she wishes to dismiss, more she must request a premotion conference.
>
> SO ORDERED
> [signature]
> USDJ
> 6/17/08

We represent the Defendant, Jaine Elkind Eney, in the above matter. Pursuant to your "Individual Practices", we write this letter respectfully to request an extension of time, until August 1, to respond to the Complaint.

The Affidavit of Service in this matter claims to have served process on a Susan Smith, who purportedly resides at Ms. Eney's home address. Although no "Susan Smith" resides at Ms. Eney's address, the Court's docket sheet notes that Ms. Eney's responsive pleading is due tomorrow. We thus make this application today.

My partner, David L. Elkind, co-counsel for Ms. Eney, twice has contacted the law firm of Powley & Gibson, P.C., counsel for Mr. Larson, in an attempt to resolve the litigation, or alternatively, to obtain an extension of time to respond to the Complaint. Both times, counsel for Mr. Larson stated that they normally would grant an extension of time to respond as a common courtesy, but were prohibited from doing so by Mr. Larson's main counsel, Denise Guzman, Esq. of the firm of Guzman & Lou LLP in Manhattan Beach, California.

Ms. Eney does not believe that service on her was proper, and was made, if at all, under CPLR § 308(2), in which case a responsive pleading would be due on June 30, 2008. Nonetheless, Ms. Eney does not make this application in reliance upon a technical defect in the service of the pleading. Rather, counsel believe that the entire Complaint can be dismissed by a motion pursuant to Rule 12(b)(6), although with respect to certain claims, the motion probably should be converted to a Rule 56 motion. Because of the complexity of the facts and the number of claims, Ms. Eney merely seeks time to prepare such a motion. Although technically the extension of time should run from June 30, 2008 under CPLR § 308(2), since the docket text presently recites

**DICKSTEIN**SHAPIRO LLP

Honorable Denny Chin
June 16, 2008
Page 2

that the Answer is due on June 17, 2008, Ms. Eney seeks 45 days from that date, until August 1 to respond to the Complaint.

Respectfully yours,

*Edward Tessler*

Edward Tessler

ET/crj

cc: Robert L. Powley, Esq. (via facsimile)