Robert L. Powley (RP 7674)
James M. Gibson (JG 9234)
David J. Lorenz (DL 3072)
Powley & Gibson, P.C.
304 Hudson Street, 2nd Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile:  (212) 226-5085

Attorneys for Plaintiff
Allan S. Larson

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

––––––––––––––––––––––––––––– x

ALLAN S. LARSON                     :

      Plaintiff,                  :     **CASE NO. 08 CIV. 3513 (DC)(FM)**

  v.                                   :     **PLAINTIFF'S MEMORANDUM
                                              OF LAW IN OPPOSITION TO
                                     :        DEFENDANT'S MOTION TO**
JAINE ELKIND ENEY                            **DISMISS**
                                     :
      Defendant.                  **ECF**
                                     :

                                     :
––––––––––––––––––––––––––––– x

**PLAINTIFF'S MEMORANDUM OF LAW IN
<u>OPPOSITION TO DEFENDANT'S MOTION TO DISMISS</u>**

## **TABLE OF CONTENTS**

I.   INTRODUCTION……………………………………………...……… 1

II.  ARGUMENT……………………….…....…………………....3

    A.   Defendant's Motion To Dismiss Pursuant To Fed.R.Civ.P.56(b)
        Should be Denied……………………….………....……..…… 3

        i)   Legal Standard…………..………………………...……..3

        ii)  Plaintiff Never Agreed To Defendant's December 2007
            Proposed Settlement Agreement…………………………....4

    B.   Defendant's Motion To Dismiss Pursuant To Fed.R.Civ.P.12(b)(6)
        Should Be Denied…………………………….…………......... 5

        i)   Legal Standard……………………………………….…......5

        ii)  The Loan Agreements Are Not Subject To The Statue of
            Frauds…………………………………………………....…...5

        iii) Plaintiff Has Sufficiently Plead Its Causes of Action……….7

        iv)  Plaintiff Can Sufficiently Plead A Cause of Action For
            Rescission …………………………………………………9

III. CONCLUSION………..……………… ……….……….…....………...10

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Allaire Corp. v. Okumus*, 433 F.3d 248, 250 (2d Cir. 2006)……........................................ 5

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50, 106 S. Ct. 2505, 91 L…………….3
Ed. 2d 202 (1986)

*Bazak Int'l Corp. v. Tarrant Apparel Group*, 347 F. Supp. 2d 1, 4 (S.D.N.Y. 2004)………8

*Bickhardt v. Ratner*, 871 F. Supp. 613 (S.D.N.Y.1994)…………………………………….3

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)…………..3

*Fantozzi v. Axsys Techs., Inc.*, 2007 WL 24554109, at *3 (S.D.N.Y. Aug. 20, 2007) ……..8

*Gallo v. Prudential Residential Servs., L.P.*, 22 F.3d 1219, 1223…………………………..3
(2d Cir. 1994)

*Grandon v. Merrill Lynch & Co., Inc.*, 147 F.3d 184, 188 (2d Cir. 1998)………………….5

*Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986.)………………….....………...3

*Perez v. Hempstead Motor Sales, Ltd.*, 173 Misc. 2d 710, 717 (N.Y. Dist. Ct. 1997) ……..9

*Samuels v. Mockry*, 77 F.3d 34, 35 (2d Cir. 1996)…………….....……………………..3

*Tagare v. Nynex Network Sys. Co.*, 921 F. Supp. 1146, 1149 (S.D.N.Y. 1996)…..……….7

*W.B. David and Co., Inc. v. DWA Commc'ns, Inc.*, No. 02 Civ. 8479(BSJ), 2004
WL 369147, *2 (S.D.N.Y. Feb. 26, 2004)……………………………………………..7

**Statutes**

New York General Obligations Law § 5-703(1)…………………………………………..6

**Rules**

Fed. R. Civ. P. 12(b)(6)……………………………………………………………………5

Fed. R. Civ. P. 56(b)………………………………………………………………………3

Plaintiff Allan S. Larson (hereinafter referred to as "Plaintiff") submits this Memorandum of Law, together with the accompanying Declaration of Allan S. Larson, in opposition to Defendant Jaine Elkind Eney's (hereinafter referred to as "Defendant") Motion to Dismiss Plaintiff's Complaint.

## I.    INTRODUCTION

This case concerns nine (9) loans totaling $296,610.80 that Plaintiff made to Defendant. (Complaint at ¶¶ 5, 6 and 18; Larson Decl. at ¶¶ 1-4). Plaintiff's understanding of the agreement between the parties was that Defendant would repay the loans. (Complaint at ¶¶ 5, 6 and 18; Larson Decl. at ¶¶ 2-4). To date, Defendant has not repaid any of the $296,610.80, despite Plaintiff's repeated requests that Defendant do so. (Complaint at ¶ 7; Larson Decl. at ¶ 12). Plaintiff loaned these funds to Defendant for her general use, including, among other things, to pay Defendant's legal expenses and living expenses, to complete a divorce settlement and to pay off a mortgage on Defendant's residence. (Complaint at ¶¶ 5, 18; Larson Decl. at ¶¶ 2-4).

Plaintiff provided seven (7) loans by personal check and two (2) loans by wire transfer. (Complaint at ¶¶ 8-16; Larson Decl. at ¶¶ 2-4). Consistent with the loan agreements between the parties, Plaintiff marked each check as "loan." (Complaint at ¶¶ 8, 9, 11, 12, 13, 15, 16; Larson Decl. at ¶ 2).

From the time that the loan agreements were made, Defendant has acknowledged her obligation to repay. (Complaint at ¶¶ 6, 20; Larson Decl. at ¶ 6). In January 2003, Defendant prepared and sent proposed loan agreements to Plaintiff along with a cover letter in which Defendant admits that the funds Plaintiff provided to her were loans. (Complaint at ¶¶ 6, 20; Larson Decl. at ¶ 6). Moreover, in making the present motion, Defendant

1

again admitted that the funds Defendant received from Plaintiff were loans. (Eney Aff. at ¶ 18).

Defendant's January 2003 proposed loan agreements included an unsecured note, a secured note and a mortgage. (Complaint at ¶¶ 6, 20; Larson Decl. at ¶ 7). The mortgage proposed to secure a portion of Plaintiff's loans to Defendant by using Defendant's residence as collateral. (Complaint at ¶ 22; Larson Decl. at ¶ 7). However, Defendant created these documents – and unilaterally suggested a mortgage agreement – years after the original loan agreements had already been made. (Larson Decl. at ¶ 6). At no time did Plaintiff request that Defendant's residence be used as collateral for the loans or that Defendant draft any loan agreements to include a mortgage on Defendant's residence. (Larson Decl. at ¶ 7). Defendant is a practicing licensed real property attorney. (Larson Decl. at ¶ 7).

Tax issues relating to Plaintiff's loans to Defendant have been, and remain, in dispute. (Larson Decl. at ¶ 8). In particular, Plaintiff's attorneys notified Defendant as early as May 2003 that tax issues implicated by the repayment terms proposed by Defendant were of concern to Plaintiff and would not be acceptable. (Larson Decl. at ¶ 8).

In November 2007, Defendant indicated that she was working on a proposed settlement agreement with a tax attorney, which, in Plaintiff's understanding, was for the purpose of addressing the tax liability issues that Plaintiff had been raising since 2003. (Larson Decl. at ¶ 9). Defendant sent her proposed settlement agreement to Plaintiff's attorneys in December 2007, but the treatment of tax issues in Defendant's proposal was unacceptable to Plaintiff, and Plaintiff did not agree to Defendant's December 2007 proposed settlement agreement. (Larson Decl. at ¶ 10).

Plaintiff's attorneys prepared a counter-proposal, which included a proposed treatment of the associated tax issues. (Larson Decl. at ¶ 11). Defendant rejected the counter-proposal. (Larson Decl. at ¶ 11).

## II. ARGUMENT

### A. DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 56(b) SHOULD BE DENIED

#### i) Legal Standard

On a motion under Rule 56, summary judgment is proper only if, "viewing all the facts of the record in a light most favorable to the non-moving party, no genuine issue of material fact remains for adjudication." *Samuels v. Mockry*, 77 F.3d 34, 35 (2d Cir. 1996) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). The role of a court in ruling on such a motion "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986.) The moving party bears the burden of proving that no genuine issue of material fact exists, or that due to the paucity of evidence presented by the non-movant, no rational jury could find in favor of the non-moving party, and the court must resolve all ambiguities and draw all reasonable inferences in favor of the party opposing the motion. *See Gallo v. Prudential Residential Servs., L.P.*, 22 F.3d 1219, 1223 (2d Cir. 1994); *Bickhardt v. Ratner*, 871 F. Supp. 613 (S.D.N.Y.1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

Defendant has failed to meet its burden of proving that Plaintiff agreed to Defendant's December 2007 proposed settlement agreement. Therefore, Defendant's

3

motion to dismiss the Complaint pursuant to Rule 56(b) should be denied.

> ii)   Plaintiff Never Agreed To Defendant's
> <u>December 2007 Proposed Settlement Agreement</u>

Contrary to Defendant's arguments, Plaintiff never agreed to Defendant's December 2007 proposed settlement agreement. Defendant recognized that, at a minimum, the issue of tax liability was still in dispute, as shown by the fact that Defendant worked with a tax attorney to draft the December 2007 proposed settlement agreement. (Larson Decl. at ¶ 9).

Defendant knew that a settlement agreement could not be fully finalized without resolving the issue of tax liability because Plaintiff had raised this issue as early as 2003. (Larson Decl. at ¶ 8). Defendant's December 2007 proposed settlement agreement did not address this issue in a manner that was acceptable to Plaintiff, and therefore Plaintiff did not agree to the proposal. (Larson Decl. at ¶ 10). To address the tax issues properly, Plaintiff made a counter-proposal on May 14, 2008, which was rejected by Defendant. (Larson Decl. at ¶ 11).

The parties did not reach a settlement agreement in 2007, so there is no settlement agreement from 2007 that can be enforced. Consequently, Defendant's motion to dismiss pursuant to Rule 56(b) based on enforcing Defendant's December 2007 proposed settlement agreement should be denied.

**B.   DEFENDANT'S MOTION
TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(6) SHOULD BE DENIED**

> i)   <u>Legal Standard</u>

On a motion to dismiss under Rule 12(b)(6), the Court must "accept as true the factual allegations made in the complaint and draw all inferences in favor of the plaintiffs."

*Grandon v. Merrill Lynch & Co., Inc.*, 147 F.3d 184, 188 (2d Cir. 1998). A complaint may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief." *Allaire Corp. v. Okumus*, 433 F.3d 248, 250 (2d Cir. 2006) (internal citation omitted).

Defendant has failed to meet its burden of proving that the loan agreements between the parties are unenforceable under the statute of frauds or that Plaintiff's claims are not sufficiently plead. Therefore, Defendant's motion to dismiss the Complaint pursuant to Rule 12(b)(6) should be denied.

        ii)       The Loan Agreements Are Not
                     Subject To The Statute Of Frauds

The loan agreements between the parties are not within the statute of frauds, and Defendant's invocation of the statute of frauds (Def. Mem. at pp. 8-10) is a red herring. Plaintiff's understanding of the agreement between the parties was that Defendant would repay each of the nine (9) loans. (Larson Decl. at ¶¶ 2-4). Consistent with those agreements, each personal check sent to Defendant was marked as "loan." (Complaint at ¶¶ 8, 9, 11, 12, 13, 15, 16; Larson Decl. at ¶ 2).

At the time Plaintiff made each loan, Plaintiff did not request that Defendant's residence be used as collateral for any of the loans or that Defendant draft any loan agreements to include a mortgage on Defendant's residence. (Larson Decl. at ¶ 7). Defendant is a practicing licensed real property attorney. (Larson Decl. at ¶ 7). As such, Defendant undoubtedly understood the significance of a mortgage and could not have been confused about the fact that Plaintiff expected only to be repaid, not to receive a security interest in Defendant's residence.

Defendant relies solely upon the statute of frauds provision in New York General Obligations Law § 5-703(1), which applies only to agreements affecting an estate or interest in real property. This provision, by its terms, is irrelevant to an agreement that does not create or otherwise act upon an estate or interest in real property – the type of agreement at issue here. Accordingly, the statute of frauds provision does not apply to the loan agreements between Plaintiff and Defendant, which were entered into at the time that the loans were made and did not contemplate the creation or conveyance of any mortgage or other interest in real property.

Defendant mischaracterizes the January 2003 proposed loan agreements as constituting the actual loan agreements between the parties. (Def. Mem. at p. 8). However, Defendant created these documents – and unilaterally suggested a mortgage agreement – years after the initial loan agreements had already been made. (Larson Decl. at ¶ 7). The actual loan agreements were formed prior to Plaintiff making each loan, and Plaintiff had the same understanding of each loan agreement – Plaintiff would loan funds to Defendant, and Defendant would repay the loans. (Larson Decl. at ¶¶ 2-4). The majority of the actual loan agreements between the parties predate Defendant's January 2003 proposed loan agreements, and the mortgage included by Defendant in the January 2003 proposed loan agreements was not requested by Plaintiff and does not correspond to any previous agreement. (Larson Decl. at ¶ 7).

Defendant's argument is entirely circular, self-serving and divorced from the salient facts of this dispute. Defendant asked Plaintiff for loans. Plaintiff made the loans to Defendant based on Defendant's promise to repay the loans. Defendant used the loaned funds for her personal benefit. Years after the initial loan agreements had been formed and

6

Plaintiff provided the loans, Defendant then drafted mortgage documents, even though Plaintiff never requested a mortgage and the parties never agreed that Defendant would provide a mortgage as part of repaying the loans. Defendant's move was calculated to obfuscate the fundamental nature of the loan agreements between the parties, and Defendant's papers ignore and disavow the promise that Defendant made to repay the considerable benefits she received from Plaintff. The Court should see through Defendant's self-serving argument as it would allow Defendant to avoid repaying the loans based solely on drafting the form of repayment, years after the loans were made.

### iii) Plaintiff Has Sufficiently Plead Its Causes of Action

To state a claim for breach of contract under New York law, plaintiff need only allege: (1) the existence of an agreement between the plaintiff and defendant; (2) due performance by the plaintiff of its obligations under the agreement; (3) breach of the agreement by the defendant; and (4) damages resulting from the breach. *W.B. David and Co., Inc. v. DWA Commc'ns, Inc.*, No. 02 Civ. 8479(BSJ), 2004 WL 369147, *2 (S.D.N.Y. Feb. 26, 2004); *Tagare v. Nynex Network Sys. Co.*, 921 F. Supp. 1146, 1149 (S.D.N.Y. 1996) (citations omitted). Furthermore, "[e]ach element need not be separately pleaded; all that is necessary is a 'short and plain statement of the claims showing that the pleader is entitled to relief.'" *Tagare*, 921 F. Supp. at 1149, (quoting Fed. R. Civ. P. 8(a)(2)).

The Complaint sets forth each of these elements as to Plaintiff's breach of contract claim. First, Plaintiff has alleged the existence of loan agreements between the parties for Plaintiff to loan funds to Defendant and Defendant to repay all borrowed funds with interest. (Complaint at ¶¶ 5, 6, 18 and 43). Second, Plaintiff alleged conveyance of loans totaling $296,610.80 to Defendant through checks marked by Plaintiff as "loan"

and wire transfers, based on Defendant's promise to repay. (Complaint at ¶¶ 5, 8-17 and 44). Third, Plaintiff alleged breach of the loan agreements by Defendant's refusal to repay the borrowed funds despite Plaintiff's repeated requests for repayment. (Complaint at ¶¶ 7, 45). Fourth, Plaintiff has alleged damages resulting from the breach of the loan agreements. (Complaint at ¶¶ 46-49).

Plaintiff has adequately plead all elements required for a claim of breach of contract. Therefore, Defendant's motion to dismiss the First Cause of Action in the Complaint pursuant to Rule 12(b)(6) should be denied.

As for Plaintiff's Second, Third, Fourth and Fifth Causes of Action, a party may set forth two or more statements of a claim alternatively and may state as many separate claims as the party has regardless of consistency. Fed. R. Civ. P. 8(d)(2), (3). Therefore, alternative pleading of breach of contract and other claims is expressly authorized by Fed. R. Civ. P. 8(d). In accordance with this rule, courts have denied motions to dismiss causes of action for unjust enrichment and conversion where the complaint alleges breach of contract. *See, e.g., Bazak Int'l Corp. v. Tarrant Apparel Group*, 347 F. Supp. 2d 1, 4 (S.D.N.Y. 2004) (a plaintiff may simultaneously allege breach of contract and unjust enrichment in its claim); *Fantozzi v. Axsys Techs., Inc.*, 2007 WL 24554109, at *3 (S.D.N.Y. Aug. 20, 2007) (refusing to dismiss conversion and unjust enrichment claims as duplicative of a breach of contract claim). Plaintiff has sufficiently plead its causes of action for unjust enrichment, fraud, conversion and breach of implied covenant of good faith and fair dealing, and therefore Defendant's motion to dismiss the Second, Third, Fourth and Fifth Causes of Action in the Complaint pursuant to Rule 12(b)(6) should be denied.

        iv)    Plaintiff Can Sufficiently Plead
                 A Cause of Action For Rescission

Consistent with the Court's observations at the August 1, 2008 pre-motion conference, Plaintiff could plead and prove a claim for rescission of the loan agreements between the parties. In the event the Court finds that the loan agreements are unenforceable, Plaintiff respectfully requests leave to amend its Complaint to add a claim for rescission.

A cause of action for rescission of an alleged fraudulently induced contract requires the pleading and proof of the following elements: 1) A representation made by the defendant, 2) of a material fact, 3) which was false when made, 4) and known by defendant to be false, 5) for the purpose of inducing reliance upon it, 6) that the other party rightfully relied upon the statement, 7) believing that it was true, 8) to the injury of the other party. *Perez v. Hempstead Motor Sales, Ltd.*, 173 Misc. 2d 710, 717 (N.Y. Dist. Ct. 1997). Plaintiff can allege and prove that, at the time each loan transfer was made, Defendant falsely promised to repay the loans. Plaintiff can further allege and prove that Defendant's promise was given to induce Plaintiff to provide the loans but with no intention of repaying the loans. Plaintiff can further allege and prove that Plaintiff's understanding was that Defendant would repay the loans, and, relying upon Defendant's material misrepresentation, Plaintiff provided the loans to Defendant, as shown by the "loan" notation on each check sent by Plaintiff to Defendant and/or individuals identified by Defendant. Plaintiff can further allege and prove that Plaintiff has suffered damages as a result of Defendant's misrepresentation and failure to repay. Accordingly, Plaintiff can allege and prove all elements of a claim for rescission.

**III.   CONCLUSION**

For the reasons detailed above, Plaintiff has sufficiently plead causes of action for breach of contract, unjust enrichment, fraud, conversion and breach of implied covenant of good faith and fair dealing, and Defendant has not met its burden of proof under either Rule 56(b) for summary judgment or Rule 12(b)(6) for dismissal of Plaintiff's First, Second, Third, Fourth or Fifth Causes of Action.  Therefore, Defendant's Motion to Dismiss the Complaint should be denied in its entirety.

If the Court finds that the loan agreements between the parties are unenforceable, Plaintiff respectfully requests leave to amend its Complaint to add a claim for rescission.

                                        Respectfully submitted,

Dated: September 5, 2008

                                        s/ Robert L. Powley
                                        Robert L. Powley (RP 7674)
                                        James M. Gibson (JG 9234)
                                        David J. Lorenz (DL 3072)
                                        Powley & Gibson, P.C.
                                        304 Hudson Street, 2nd Floor
                                        New York, New York 10013
                                        (212) 226-5054

                                        Attorneys for Plaintiff
                                        Allan S. Larson

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS was served upon counsel for Defendant by ECF and by email on this 5th day of September 2008, addressed as follows:

>Joseph F. Fields, Esq.
>Edward Tessler, Esq.
>David L. Dickstein, Esq.
>DICKSTEIN SHAPIRO LLP
>1177 Avenue of the Americas
>New York, New York  10036-2714
>(212) 277-6500

_____
David J. Lorenz